**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST ) | |
| 712 H Street, N.E. ) | |
| Suite 1682 ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:23-cv-00146 |
| ) | |
| U.S. Geological Survey ) | |
| 12201 Sunrise Valley Drive ) | |
| Reston, VA 20192, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Geological Survey
   under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory
   Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to
   compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28
   U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §
   1391(e).

**PARTIES**

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and
   former public servants and concerned citizens that is dedicated to restoring public trust in
   government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Geological Survey ("USGS" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

7. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

## I.      Request DOI-USGS-2021-005741

8.  On or before August 27, 2021, PPT submitted a FOIA request (attached as Exhibit A) to

the Department seeking the following records:

> PPT requests the following records relating to a grant or grants potentially
> provided by the United States Geological Survey (USGS) to the Wuhan
> Laboratory. We request records found using the following search parameters:

> 1.  **Requested search terms**: National Wildlife Health Center, big brown bats,
>     challenge studies, EcoHealth Alliance, chimeric virus, SARSr-CoV spillover,
>     Horseshoe bats, gain-of-function study, in vivo infection, Wuhan Institute of
>     Virology, Shi Zheng-li, NWHC funding EcoHealth Alliance (EHA), S-protein
>     sequence, St. Jude Medical Center letter May 20, 2020, National Park Service
>     Jenny Powers letter to Jonathan Sleeman May 21, 2020, final report of Big
>     Brown Bat challenge study.

> 2.  **Personnel whose records should be specifically searched**: Anne Kinsinger,
>     Jonathan Sleeman, Collette Charbonneau, Guelaquettza Vasquez-Meves,
>     William Werkheiser, Barbara Wainman.

> 3.  **Specific Communications**: All communications to, from, and between USGS
>     budget office, USGS congressional/legislative affairs office, employees in
>     Policy, Management and Budget, and congressional staff on issues related to
>     grants to the Wuhan Institute of Virology, EHA or containing any of the
>     above search terms.

9.  The release of these documents is in the public interest because they will help the public

understand how the government has directed taxpayer resources and whether it directed

any such resources to the laboratory at the center of the inquiry into the origins of

COVID-19.

10. On August 31, 2021, the Department acknowledged receipt of Plaintiff's request and

assigned it tracking number DOI-USGS-2021-005741.

11. On September 14, 2021, the Department sent a letter (attached as Exhibit B) summarizing

Plaintiff's request as seeking "[r]ecords relating to grant(s) potentially provided by the

USGS to the Wuhan Laboratory, from January 1, 2019 through the date the search is

initiated" and stating "[a]fter a thorough search of our files, it has been determined that USGS has no records responsive to your request."  The September 14 letter further advised Plaintiff that Plaintiff could file an appeal "no later than 90 workdays from the date of this letter."

12. On November 30, 2021 – approximately 77 calendar days, well within the 90 workday period specified for appeals – Plaintiff sent an email (attached as Exhibit C) containing a letter appealing USGS's determination (attached as Exhibit D).

13. Plaintiff's appeal questioned the adequacy of the Department's search.  Specifically, Plaintiff's appeal stated:

> In the initial FOIA request, dated August 18, 2021, we identified 16 separate search terms. In section three of the August 18 request, we sought three categories of communications:
>
> 1.  Communications on issues relating to grants to the Wuhan Institute of Virology;
>
> 2.  Communications on EcoHealth Alliance (EHA); and
>
> 3.  Communications containing any of the 16 listed search terms.
>
> While there is some overlap between these requests, they are three separate requests, asking for three separate categories of responsive documents.
>
> Mr. Darby's September 14 denial only refers to one of these categories. Mr. Darby's response characterizes the request as seeking "Records relating to grant(s) potentially provided by the USGS to the Wuhan Laboratory, from January 1, 2019 through the date the search is initiated." This phrasing appears to derive from preambulatory language in our request, and roughly corresponds to the first category of documents we sought. However, it is not the full extent of the request.
>
> Mr. Darby's letter does not acknowledge, let alone respond to, the second two categories of documents sought in our initial request. Based on this omission, it appears that USGS's search for responsive documents was improperly narrow and, consequently, inadequate.

Focusing on one category of documents requested is arbitrary and fails to comply with both the letter and the spirit of the Freedom of Information Act. Therefore, we appeal Mr. Darby's denial, and request that the USGS perform the requested search and provide all responsive documents as soon as possible.

14. Under FOIA, federal agencies are required to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays)." 5 U.S.C. § 552(a)(6)(A)(ii).

15. Plaintiff's appeal has now been pending for more than 400 days – over a year, far beyond the statutory time period required for the Department to respond.

16. The Department has not provided any acknowledgement, let alone a substantive response to Plaintiff's appeal.

17. Accordingly, the Department has constructively denied Plaintiff's appeal, and Plaintiff has properly exhausted its administrative remedies.

18. For the reasons set forth in Plaintiff's appeal, *see supra* Exhibit D, USGS conducted an inadequate search is and continuing to unlawfully withhold potentially responsive records.

## II.    FOIA DOI-USGS-2022-001913

19. On February 3, 2022, PPT submitted a FOIA request (attached as Exhibit E) to the Department seeking the following "the following five types of records held by the USGS National Wildlife Health Center":

1. From January 1, 2016 through the date the search begins, all records containing the following terms:

  - "Challenge study" or "challenge studies";
  - "EcoHealth Alliance" or "EchoHealth";
  - "EHA";
  - "Peter Daszak" or "Daszak";
  - "Chimeric virus";

- "SARSr-CoV spillover";
- "High spillover risk SARSr-Cov" or "High spillover risk SARSr-CoVs";
- "Gain-of-function" or "gain of function";
- "Wuhan Institute of Virology";
- "Shi Zheng-li";
- "Zhengli Shi"
- "Project defuse";
- "Bat-borne coronaviruses";
- "WIV1"
- "SHC014";
- "zoonotic pathway"; and
- "Bat-SARSr-CoV backbone" or "Bat-SARSr-CoV backbones".

2. From January 1, 2014 through the date the search begins, any and all records of funding proposals, requests for grants, grants, contracts, authorizations for expenditures, or other similar instrument seeking or providing funding or other resources, including personnel, to EcoHealth Alliance or any project in which EcoHealth Alliance or Mr. Peter Daszak is a known participant (i.e., as a partner, subcontractor, consultant, or other similar relationship).

3. All records referring to, discussing, or otherwise referencing a letter from Jenny Powers or the National Park Service to Jonathan Sleeman or the USGS sent on or around May 21, 2020.

4. From January 1, 2016 through the date the search begins, any and all final reports of studies involving Big Brown Bats.

5. From January 1, 2016 through the date the search begins, copies of all signed authorizations for expenditure of appropriated funds.

6. From August 18, 2021 through the date the search begins, all records relating to the FOIA request designated Tracking # DOI-USGS-2021-005741, including, but not limited to the applicable search terms used for the aforementioned request, whose records were searched, and any self-certifications indicating that there were no responsive records.

An adequate search in response to this request should include, but not be limited to records held by the following individuals:

- Anne Kinsinger;
- Jonathan Sleeman;
- Collette Charbonneau;
- Guelaquettza Vasquez-Meves;
- William Werkheiser;

- Barbara Wainman; and
- Tonie Rocke.

20. The release of these documents is in the public interest because they will help the public understand how the government has directed taxpayer resources and whether and how the USGS has provided funding to groups, persons, institutions, and lines of research that have been closely tied to debates and controversies surrounding the origins of SARS-COV-2.

21. On February 3, 2022, the Department acknowledged receipt of Plaintiff's request and assigned it tracking number DOI-USGS-2022-001913.

22. On February 14, 2022, the Department sent a follow up email that, among other things, noted the assignment of Plaintiff's request into the "complex" track and stated "[p]resuming that our current FOIA capacity and burden remain constant, we expect to dispatch a determination to you by **March 28, 2022**" (emphasis in the original).

23. On March 21, 2022, the Department reached out to Plaintiff, stating "[t]he National Wildlife Health Center (NWHC) has contacted the USGS FOIA Office with some questions regarding their search for potentially responsive records" and seeking to discuss those "concerns."

24. Plaintiff responded the next day, March 22, 2022, offering to speak that same afternoon.

25. On March 29, 2022, the Department sent a follow up letter with specific questions on items 1, 4, and 5.  This letter further stated "[w]e can conduct a search for records as the request is written; however, it will likely result in many records that you are not seeking."

26. Also on March 29, 2022, the Department sent an email to Plaintiff reiterating that USGS was awaiting a response to clarifying questions from the National Wildlife Health Center, reiterating that Plaintiff's request was in the "Complex" track, stating "there are 37

7

requests pending ahead of yours in this processing track," acknowledging "[a]s yet, we have been unable to make a determination on this request; however, we do intend to comply with your request," and advising Plaintiff of the availability of dispute resolution services.

27. On April 4, 2022, Plaintiff responded with "some points to help clarify our request."

28. On April 6, 2022, the Department responded in part "Thank you for getting back to us regarding the scope of your FOIA request. I believe the information you provided will assist our records custodians in their search. I'll get back to you if they have any further questions, and I will update you on our progress as soon as possible."

29. On April 29, 2022, Plaintiff requested a status updated regarding its request.

30. On May 2, 2022, the Department noted "[a]s yet, we have been unable to make a determination on this request; however, we do intend to comply with your request." The Department further stated "[o]ur records custodians were notified of your scope clarification, and we have now received some of the potentially responsive records but we have not yet begun our review." The Department went on to note "there are 34 requests pending ahead of yours in this processing track" and estimated "completion of your request by July 29, 2022."

31. On May 18, 2022, Plaintiff requested an update regarding the status of its request.

32. On May 19, 2022, the Department replied in part "[t]here has been little change since my May 2, 2022 response to your April 29, 2022 inquiry" and reiterated much of its previous reply.

33. On July 1, 2022, Plaintiff requested an update on the status of its request.

34. On July 11, 2022, the Department responded in part "[w]hile we do intend to respond to your request, we will not be able to complete it by the end of July, as previously estimated." The Department further stated "[w]e will try to process the remaining items in the request as soon as possible with an interim release by the end of August 2022."

35. On September 1, 2022, the Department emailed Plaintiff, stating in part "[w]hile we do intend to respond to your request, we have been unable to begin processing due to litigation deadlines and other requests higher in our processing queue. Next week, I plan to conduct a page count of potentially responsive records which will assist me in establishing a processing timeline; I will let you know the result."

36. On November 28, 2022, Plaintiff again requested a status update.

37. On December 5, 2022, the Department responded in part "[w]hile we have not yet made a determination, we do intend to comply with your request. Your request is in the Complex track, and there are currently 21 requests ahead of yours in our overall processing queue."

38. As of today, Plaintiff's request has been pending for more than 340 days – nearly a year, and well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

39. Notwithstanding estimates that Plaintiff would receive documents in March, then July, then August, an additional four months have passed without Plaintiff receiving a single responsive document.

40. As the Department acknowledges, it has not made a determination within the meaning of FOIA. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has appraised Plaintiff of its right to appeal, but it has

not produced responsive documents to the Plaintiff nor has it communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding.

41. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I -- REQUEST DOI-USGS-2021-005741**

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search and Wrongful Withholding of Non-Exempt Responsive Records**

42. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

43. In request DOI-USGS-2021-005741, PPT properly requested records within the possession, custody, and control of the Department.

44. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

45. The Department has failed to conduct an adequate search in response to request DOI-USGS-2021-005741 and Plaintiff's subsequent appeal.

46. Through its failure to conduct an adequate search, Defendant is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

47. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

48. The Department's failure to provide all non-exempt responsive records violates FOIA.

49. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to request DOI-USGS-2021-005741and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II – REQUEST DOI-USGS-2022-001913

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

50. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

51. In request DOI-USGS-2022-001913, PPT properly requested records within the possession, custody, and control of the Department.

52. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

53. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

54. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

55. The Department's failure to provide all non-exempt responsive records violates FOIA.

56. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide

indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to request DOI-USGS-2021-005741 and DOI-USGS-2022-001913, along with indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: January 18, 2023                     Respectfully submitted,

                                            PROTECT THE PUBLIC'S TRUST
                                            By Counsel:

                                            /s/Gary M. Lawkowski
                                            Gary M. Lawkowski
                                            D.D.C. Bar ID: VA125
                                            DHILLON LAW GROUP, INC.
                                            2121 Eisenhower Avenue, Suite 608
                                            Alexandria, Virginia 22314
                                            Telephone: 703-574-1654

GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*